# Hollenbaugh *against* Morrison.

A vendee who stipulates for a good title is not bound to accept an imperfect one; and evidence tending to show that he made the purchase for an improper and dishonest purpose, will not have the effect of compelling him to accept the title and pay the money, unless the vendor has complied with his contract respecting the title.

ERROR to the common pleas of *Perry* county,

This was an action of debt by Isaac Hollenbaugh and others, heirs of John Hollenbaugh, deceased, against John Morrison, on a

[Hollenbaugh v. Morrison.]

bond, dated the 3d of May 1834, payable the 1st of April 1835, for 266 dollars and 67 cents.

The defence was, that the bond was given in part consideration of a tract of land, which the plaintiffs covenanted to convey to the defendants in fee simple clear of incumbrances. To maintain which, the defendants gave in evidence the agreement of sale, and which was signed by all the plaintiffs, one of whom was Rebecca Hollenbaugh, by her guardian, Daniel Wentz.

The plaintiffs then offered in evidence a proceeding in partition in the orphans' court, under the intestate laws, by which the land was taken at the valuation by John Hollenbaugh, one of the sons, who entered into recognizances for the payment of the shares of the other heirs, together with releases of the widow and all the heirs to John Hollenbaugh of their recognizances.

To this evidence the defendant objected, on the ground that the proceedings in the orphans' court were void for want of jurisdiction, John Hollenbaugh, deceased, having made a will, which was duly proved; and, to support the objection, the will was given in evidence, by which the testator directed his executors to rent the land during the lifetime of the widow, and, after her death, to sell the same, and divide the proceeds equally among his children. The widow is yet alive.

The plaintiffs then called witnesses to show, by the declarations of John Morrison, that he had entered into the agreement to purchase the land for the purpose of annoying a person who owned the adjoining land, by diverting a certain water course—that he would baffle the heirs out of their money as long as he could, &c.

The plaintiffs then again offered in evidence the proceedings in the orphans' court, together with the releases of the heirs, and also a deed from the executors named in the will to the defendant.

To which the defendant objected, and the court sustained the objection, and overruled the evidence.

The court below (Hepburn, president) directed the jury that the title offered was not such as the defendant had a right to expect under his agreement, and to find a verdict for him.

*Alexander*, for plaintiffs in error, cited 7 *Serg. & Rawle* 63; *Str. Purd. Dig.* 669, sect. 10.

*Watts*, for defendant in error, cited 8 *Serg. & Rawle* 299; 3 *Rawle* 400.

The opinion of the court was delivered by

ROGERS J.—By the conditions of sale, the purchaser was only bound to pay the purchase-money, when he received a title clear of incumbrance. Have the plaintiffs tendered such a title, or is it now in their power to give such a title, as is stipulated in the agreement? It is very evident that in every essential point the plaintiffs

IX.—2 E*

[Hollenbaugh v. Morrison.]

have entirely failed.  At a very early day, the defendant made objections to the title, and, for the purpose of removing them, the parties resorted to the expedient of a sale, under an order of *the orphans' court*.  And this would have been satisfactory, had it not subsequently appeared that John Hollenbaugh, from whom the plaintiffs derive title, left a will, which has been duly proved.  In the will he authorizes his executors to rent the land till the death of the widow, with authority, after her death, to sell, and divide the money among his children.  On the production of the will at the trial, it was clear that the title derived from the orphans' court sale was bad, for the orphans' court has jurisdiction over the matter in cases of intestacy only.  But a title from the widow and heirs would be good, and this the plaintiffs procured and tendered in part, but, in consequence of the minority of some or at least one of the heirs, the title *quoad* remains imperfect.  The court were then right in ruling that this was an insurmountable objection to a recovery, and that it would be idle to receive testimony which would not avail the plaintiff.  But it is said that the defendant has been guilty of trick, artifice and fraud, in purchasing the property for a dishonest purpose; but of this we see little, if any, evidence. Morrison has, at all times, insisted (and this surely is not very unreasonable) that the plaintiffs should fulfil their part of the contract, before they undertook to exact performance from him.  There is nothing that appears on the record which convinces me, that, if the plaintiffs had been in a condition to perform their part of the contract, any delay would have occurred in the payment of the purchase-money.  Idle, loose declarations, perhaps misrepresented, or, at any rate, imperfectly understood, are a very unsafe reason for compelling a man to take an imperfect title, contrary to the agreement.  It must be remarked that here the defect is not such as will admit of compensation in damages.

Judgment affirmed.